IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONWIDE MUTUAL FIRE            :
INSURANCE COMPANY,                :
    Plaintiff                  :
                                  :
    v.                         :        CIV. NO. AMD 05-1302
                                  :
MARYLAND AUTOMOBILE               :
INSURANCE FUND, et al.,           :
    Defendants                 :
                        ...o0o...

MEMORANDUM OPINION

This is a declaratory judgment action based on diversity requiring an interpretation

of an insurance policy. The underlying tort action arose out of a fatal accident that occurred

in February 2003 during highway snow removal operations in Baltimore County. A tractor-

trailer operated by Randall Card ("Card") and leased to a firm known as Dallas & Mavis

Specialized Carriers Co., LLC ("D&M") crashed into an automobile occupied by Brian E.

Brown ("Decedent") and owned by "Brown's Auto Parts" ("Auto Parts").[1] Auto Parts was

covered by two insurance policies, both in effect at the time of the accident: (1) a

Contractors' Liability Policy issued by plaintiff Nationwide Mutual Fire Insurance Company

("Nationwide") and a Commercial Automobile Policy issued by defendant Maryland

Automobile Insurance Fund ("MAIF"). The crux of Nationwide's request for a declaration

of its rights, i.e., for a determination of its duties under its policy, is whether the accident

---

[1]"Brown's Auto Parts" is apparently a trade name for the proprietorship operated by
Lester P. Brown, who is the named insured on the Nationwide policy. That defendant has made
no appearance in this case.

"arose out of the use of" the automobile Decedent occupied when he suffered his fatal injuries. If it did, then an exclusion for such losses in the Nationwide policy is triggered. For the reasons stated within, I conclude that the accident did arise out of the use of an automobile and that the exclusion in the Nationwide policy was triggered.[2]

## I.

In December 2003, Diane Brown, individually and as personal representative, filed a wrongful death action against Card and D&M in state court, and that action was timely removed to this court. In August 2004, Card and D&M filed a third party complaint against Auto Parts for contribution. Auto Parts tendered defense of the third party action to both Nationwide and MAIF. MAIF denied coverage and declined to afford a defense to Auto Parts; Nationwide provided a defense to Auto Parts pursuant to a reservation of rights.

Meanwhile, in May 2005, Nationwide brought this action against Diane Brown, Auto Parts, Card/D&M, and MAIF, seeking a declaration of its rights and duties as to the defense and indemnification of Auto Parts. Now before the court is Nationwide's motion for summary judgment.  (In September 2006, the wrongful death action was settled.)

---

[2]Nationwide sought, in addition to a declaration that the exclusion in its policy was triggered, a declaration that Auto Parts was entitled to a defense and indemnity under the MAIF policy. I conclude that Nationwide lacks standing to seek a declaration of Auto Parts' rights under the MAIF policy; nor has MAIF filed a counterclaim seeking a declaration of its rights. Accordingly, I shall determine here only whether the exclusion in the Nationwide policy was triggered. In this connection, I have considered Nationwide's belated motion to amend and MAIF's motion to dismiss for lack of subject matter jurisdiction (filed at my urging) and I find no merit in either motion.

II.

The underlying undisputed facts material to the issue of coverage under the Nationwide policy may be summarized as follows.

In the early morning hours of February 21, 2003, Decedent suffered fatal injuries in an accident which occurred while he assisted a highway snow removal crew on northbound Interstate 83 near Padonia Road in Baltimore County. Specifically, Decedent was sitting in the driver's seat of a 1986 Dodge Aries sedan owned by Auto Parts when a 1999 Freightliner tractor-trailer, operated by Card struck the sedan from behind. During the snow removal operations, the sedan had been traveling behind snowplows to serve as an escort vehicle in the operations. At the time of the collision, the vehicle was stopped in the slow lane with its emergency flashers blinking; a flashing arrow board used to alert motorist approaching the scene that had been behind the Aries occupied by Decedent had moments before been relocated to a nearby highway ramp where the snow removal operations were ongoing.

At the time of the accident, Auto Parts was covered under two insurance policies: a Contractor's Liability Policy issued by Nationwide and a Commercial Automobile Policy issued by MAIF. The Nationwide policy provides for coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,'" but expressly excludes coverage for bodily injury

> arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

The MAIF policy provides, in relevant part:

> Bodily injury liability: To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death therefrom, sustained by a person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

### III.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," demonstrate that no genuine issue of material facts exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56. For purposes of summary judgment, a material fact is one which, when applied to the substantive law, affects the outcome of the litigation. *Id.* at 248. Summary judgment is also deemed appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To oppose a properly supported motion for summary a judgment, an opposing party bears the burden of establishing a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. The adverse party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 324. The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indust. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Fourth Circuit has stated that, where a contract is unambiguous on a dispositive issue, the Court may properly grant summary judgment as a matter of law. *World Wide Rights Ltd. Partnership v. Combe, Inc.*, 955 F.2d 242 (4th Cir. 1993).

IV.

As a matter of law, Decedent's fatal injuries arose out of the use of the Aries vehicle he was occupying, triggering "Exclusion g." of the Nationwide policy. Maryland appellate courts have consistently applied a broad interpretation to the phrase "arising out of," as noted in a recent case in this court:

> The phrase "arising out of" has been broadly interpreted under Maryland law.  The Court of Appeals has explained that "the words 'arising out of' must be afforded their common understanding, namely, to mean originating from, growing out of, flowing from or the like.'"

*Beretta U.S.A. Corp. v. Fed. Ins. Co.*, 117 F. Supp. 2d 489, 493 (D. Md. 2000) (*citing Northern Assurance. Co. v. EDP Floors, Inc.*, 311 Md. 217, 230, 533 A.2d 682, 688 (1987) (citations omitted)).  Applying this reasoning to the case at hand, in "common understanding," the undisputed fact that Decedent was sitting in the driver's seat of an escort vehicle assisting in highway snow removal operations at the time the vehicle was rear-ended by the tractor trailer compels the conclusion that the accident "arose out of" the use of the automobile. MAIF's purported analysis, that "the parked escort van [sic] was the situs of the injury rather than the instrumentality which caused it" is misplaced and unpersuasive.  If the

vehicle was "being used" in the operations, and Decedent was operating the vehicle, it follows that the accident and Decedent's injuries "arose out of the use" of the automobile.

V.

For the reasons set forth, the motion for summary judgment shall be granted and an appropriate declaratory judgment entered.

Filed: January 31, 2007          /s/_____
                                        ANDRE M. DAVIS
                                        UNITED STATES DISTRICT JUDGE